IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID NATHANIEL KIMMERLE, | |
| Plaintiff, | |
| vs. | Civil Action No. 2:23-cv-738 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

**COMPLAINT**

AND NOW, comes the Plaintiff, DAVID NATHANIEL KIMMERLE, by and through his attorney, Brian Patrick Bronson, Esquire, and the Quatrini Law Group, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Mr. Kimmerle (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Life Insurance Company of North America. The Plan is governed by ERISA. Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the

timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce his rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2.	This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3.	Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4.	The Plaintiff, David Nathaniel Kimmerle, resides at 3326 Latonia Avenue, Pittsburgh, PA 15216, Allegheny County.

5.	The Defendant, Life Insurance Company of North America, is the Claims Administrator of Long Term Disability claims and is located at 1601 Chestnut Street, Philadelphia, PA 19192.

6.	Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff, Mr. Kimmerle, last worked for Darden Restaurants, Inc. as a Cook on or about July 13, 2020, wherein he stopped working due to the diagnoses, symptoms, and functional limitations of Ankylosing Spondylitis.

8. By letter dated January 28, 2021, Defendant denied Plaintiff's claim for Long Term Disability benefits based on a pre-existing limitation clause contained in the Plan.

9. The Plaintiff, by and through his attorney Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated March 2, 2021.

10. By letter dated April 28, 2021, Defendant gave the Plaintiff a chance to respond.

11. The Plaintiff, by and through his attorney Brian Patrick Bronson, Esquire, submitted a response provided by Plaintiff's rheumatologist by letter dated September 7, 2021.

12. By letter dated September 20, 2021, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits. This letter states, "At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered."

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

13. Paragraphs 1 through 12 are incorporated herein as if set forth at length.

14. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

15. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of his occupation and/or any gainful occupation due to the diagnosis, symptoms, and functional limitations of Ankylosing Spondylitis.

16. Plaintiff's Ankylosing Spondylitis is not a pre-existing condition as that term is defined by the Plan as it did not arise during the pre-existing look-back period. Plaintiff's Ankylosing Spondylitis is different from his back conditions which were treated during the look-back period.

17. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii).

18. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

19. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

- 5 -

                              <u>/s/ Brian Patrick Bronson, Esquire</u>
                              Brian Patrick Bronson, Esquire (Pa #89035)
                              Quatrini Law Group, P.C.
                              550 East Pittsburgh Street
                              Greensburg, PA  15601
                              Phone:  (724) 837-0080
                              Fax:  (724) 837-1348
                              E-mail:  bbronson@qrlegal.com

Dated: May 3, 2023